This morning I would like to focus the court on two issues. The first is that the court below failed to follow during resentencing this court's mandate from the first appeal two years ago. The second issue is that in resentencing the court below unconstitutionally and unreasonably relied on intervening on an alleged intervening disciplinary record from the prison in sentencing Mr. Ventura to an additional five years' imprisonment. And with that I'll go back to the first issue where the court in its mandate, the formal mandate doesn't speak to resentencing or the opinion. One has to go directly to the opinion for what this court's mandate in this case was wherein the court said that Mr. Ventura cannot be guilty of violating 924C. That was the count seven that this court vacated and remanded for sentencing. And yet he received an additional 60 months' imprisonment for this offense. Five years of a man's life is not a trifling thing. We simply cannot require a man to serve five undeserved years in prison when we know that the sentence is improper. This is a clear mandate of this court which was not followed by the district court below. So you're saying the district court had no discretion to alter that sentence, that it had to subtract the full amount and not consider the package of the defendant's conduct? Your Honor, I think there may be circumstances where the court can reasonably make a sentencing plan that may differ from its initial sentencing, but under the mandate rule and, for example, the court's opinion in Pelegi, absent exceptional circumstances, the mandate has to be followed. And the mandate was pretty clear in this case. And in Pelegi, it said not only is exceptional circumstances required, the district court is compelled to follow the mandate rule and not relitigate the issues that were directly or impliedly decided by this court. What about the fact that Mr. Ventura is still engaged in this violent conduct under the sentencing packaging doctrine that a lot of our sister circuits have adopted? The court can consider everything the defendant did, notwithstanding the fact that he doesn't qualify on the separate gun offense. The court could consider his behavior, could it not, the fact that he did use this gun in committing these crimes and used them several times. Why isn't that something that the court could reevaluate once the gun offense was out of the sentence? The court can reevaluate, but in the context of what the accounts were and what it can determine, the facts that the jury actually found. In this case, the court relied partly on its own finding that there was certain violence associated with the case, but not just that. The intervening so-called disciplinary record from the correctional facility, that there was absolutely no basis for the court to rely on that. And that's the only thing different from the original sentencing and resentencing. I guess there was conduct while incarcerated as well, was there not? Allegedly. And this is solely on the basis of records from the correctional facility, which hearsay on top of hearsay. That's admissible at sentencing, though, isn't it? I mean, I understand what you're saying about, you know, the fundamental fairness of doing that, but I think that as a matter of evidence, it is admissible at sentencing, is it not? I think in certain circumstances, this may have, if the government put on some witnesses and evidence to back up these documents, which could have come from anywhere, then the court, you know, at sentencing, the evidentiary rules tend to be not as strict, but still, there's some due process there. And essentially, my client got sentenced to an additional five years based on this disciplinary record, where we have no information about, don't know where it came from, don't know what's behind it, no witnesses were put on, there was no due process whatsoever at sentencing about this disciplinary record. You're saying it's a constitutional question. Absolutely, Your Honor. So we jump right to due process. Absolutely. I thought you were arguing the mandate rule was... I'm arguing both, Your Honor. Okay. I think under both issues, easily... The mandate just said he had to be resentenced, didn't it? I'm sorry, Your Honor? The mandate just vacated that one conviction and remanded for resentencing. Right. Resentence according to the mandates, the instructions from the mandate. Were there any instructions specifically beyond resentencing? There were, Your Honor. As I read, this court specifically, Judge Davis's opinion specifically said, this man should not do an additional five years for this count. He needs to be resentenced. I don't see any reason why the district court should have ignored that explicit instruction, those explicit instructions from this court's opinion. That's the mandate. And the court completely ignored it. The government ignored it in its briefing. But for a district court to understand what the court of appeals is instructing it to do in its mandate, it has to look at the opinion. Remember, there's a mandate. There's a specific document that came down 21 days after the opinion came down. Right. And that document, the document essentially says, this is remanded per the court's instructions. It said the joint appendix 144. The actual formal mandate doesn't give any specific instructions. So you go to Federal Rule 41A, which tells you, you then look to the certified copy of the judgment and the opinion, if there is one. And in the opinion, it's pretty explicit. What page of the opinion are these explicit instructions you referring to? Well, in the joint appendix, it's page 139. Page 139, where the court says, finally we agree with Ventura that the district court's obvious error affected his substantial rights, as well as the fairness, integrity, and public reputation of the district proceedings. Ventura cannot be guilty of violating 924C, and yet he received an additional 60 months imprisonment for this offense. Five years of a man's life is not a trifling thing. We simply cannot require a man to serve five undeserved years in prison when we know that the sentence is improper, accordingly. That's a quote from that Ford case. It is. That's a quote. And the court adopts it for this case. And then he says, plainly erred in instructing the jury, and we vacate in remand for entry of judgment of acquittal on that count in resentencing. Yes. And he was resent. He was resentenced, but not according to that paragraph, which is the court's mandate. Well, when the court sent it back, when we were considering the case on appeal, we weren't considering his overall sentence. We were just talking about whether under a plain error standard the error affected his substantial rights. We never addressed the entire sentence. That's correct. So how can the language of the opinion talk about, be construed as a holding regarding the sentence when we never discussed the entire sentence? The court discussed the fact that there needs to be a resentencing. And in that resentencing. We ordered a resentencing. We ordered a resentencing, and you got a resentencing. A resentencing that should not include an additional five years. It doesn't say that on page 139. It just says resentencing. Justify it. It says he shouldn't do an additional five years on resentencing. The five-year issue raised under a plain error raised a question that his substantial rights were affected. That didn't mean that he couldn't be resentenced to any particular amount. I guess what I'm trying to get at here is, Mr. Barron, are you saying that if a defendant gets a month more in jail, that that's a due process violation on remand? I mean, where do you draw the line? Is it vindictive if you get a month more? Your Honor, here's where I'm drawing the line, where a court explicitly says these kind of words about the defendant's sentence. Normally, it's, you know, this count is thrown out. This count is vacated, and the court should resentence. Normally, in a typical case, there's not any additional verbiage about the fairness of the sentence or anything like that. Here, the court didn't just say that his substantial rights were affected. The court went further, further than it had to in this opinion, because the error was so obvious that it said the fairness, integrity, and public reputation. It didn't have to say that in order to vacate that sentence. Your Honor, that's the last prong of the plain error standard. The opinion had to give him relief. It had to justify it under the plain error standard, and that's the fourth prong or the last prong of the plain error standard, and that's what Judge Davis's opinion does. It satisfies plain error. Wasn't he really – Judge Davis was saying that a five-year mandatory sentence that shouldn't have been imposed under the gun statute necessarily affected someone's substantial rights. Okay? And what you're asking us to say is that that statement that it affected his substantial rights for purposes of plain error review means that he couldn't have been given any of those five years back when it was for resentencing on remand. Is that a correct statement of your position? It is. In this case, absent exceptional circumstances because he was so explicit with respect to the sentence, which I think is atypical. He didn't have to go there. He didn't have to use those words about how, you know, the additional five years in order to just simply have the district court in the sentence. He had to explain how it affected the fairness of the proceeding. He had to explain how it satisfied the Supreme Court mandate in Supreme Court ruling in Alano, the plain error standard. He could have simply said – Were you involved in the resentencing proceeding itself, or did you just get into it on appeal? On appeal. You just got into it on appeal? On appeal. And this due process issue wasn't preserved in the district court? The due – yes, it was, Your Honor. It was raised with the district judge? The issue with respect to the disciplinary record, yes. Now, I would say counsel below may not have touched on it, but the defendant, Mr. Ventura himself did. And I would direct the Court's attention to the joint appendix at 177 through 180. Not necessarily articulate, but enough from a defendant himself essentially pro se at that point. Was he pro se? In allocution. Was this at the sentencing hearing? At the sentencing hearing, in allocution, that Mr. Ventura raised the issues – raised issues about this disciplinary record and how – Did he use the words due process? He did not use the words due process, but I don't think this Court would – And he or his lawyer? His lawyer did not, but I don't think this Court would require that from him. Well, we normally have a rule that you need to raise something below if you want to raise it on appeal. That's correct, Your Honor. You're not allowed to mousetrap the judge by coming up here and raising an issue that you didn't preserve. That's absolutely correct, Your Honor. And I think the Court will find at 177 through 180 that he – Mr. Ventura personally did enough of a job to raise the issue about how the use of this disciplinary record out of the blue was unfair to justify an additional five years from the Court. And, you know, in the briefing, and I don't think you'll hear from the government, any authority which would allow them to use this record to have an enhancement of sentencing. I would reserve the remainder of my time. Thank you so much. Thank you. Yes, sir? Thank you. Thank you, Chief Judge Gregory.  The District Court's decision to give the same sentence to the defendant Ventura after remand complied with both the letter and the spirit of this Court's mandate, which issued a resentencing, and was in no way vindictive to the defendant. Appellant mischaracterizes the District Court's reliance on the Bureau of Prisons' records as to the disciplinary infractions that Mr. Ventura was guilty of. This was one of many factors on resentencing the District Court considered in assessing his overall package of a sentence to Mr. Ventura, and ultimately concluding that it was the same sentence, the sentence of 420 months, that was appropriate given the facts and circumstances of this offense. I think it's important when we evaluate this Court's mandate that we take into account, as case law tells us to, the opinion and the circumstances that that opinion embraces. And in this case, in Ventura 1, the issue before this Honorable Court was whether sex trafficking by forced fraud or coercion was categorically a crime of violence, such that it could support a 924C charge, which was Count 7 in this instance. The Court held conclusively that sex trafficking by forced fraud or coercion is not categorically a crime of violence, saying nothing about the facts and the evidence and the circumstances in this particular case. To the contrary, this Court, throughout its opinion in Ventura 1, acknowledged that this was a case that involved the use of force and the use of violence, in particularly citing the substantial evidence that Mr. Ventura forced our victim, Ms. Duenas, a young woman illegally present in the country with no English skills and a third grade education, that he forced her into prostitution and that he used a gun in doing so. There was nothing about this Court's opinion that upset the facts and the evidence in this case. Yes, it did. It found that in spite of all of that, the law prevailed and that five years additional time for that offense was not justice. Did it not? It found that the offense of the 924C, the use of a firearm, could not stand because the sex trafficking, categorically, not in this instance, but categorically, is not a crime of violence. The result of which gave him five additional years. It did, Your Honor. Which was unjust. The Court found that in this instance, under plain error review, and I think it's significant to put what the Court was saying in the context of the review that it had at the time, it was assessing whether it was... I understand that, but I'm saying with that, though, you can't separate the fact that the five additional years was in the calculus as to the injustice of it, was it not? Absolutely correct, Your Honor, which is why I was remanded for resentencing. You brought this word. I didn't. You said the resentencing complied with both the letter and spirit. You took on both of those, didn't you, in the conjunctive, didn't you? I did, Your Honor, and I think that's what we are to assess, both the letter and the spirit. Let's talk about the spirit of it. The spirit of it was not to punish somebody for winning their appeal, don't you think? That's correct, and that is not what the district court judge did. It did. He resentenced. I mean, you rearranged the deck chairs, and you get the same sentence. Well, Your Honor, again, the facts of this case, and I think what the Supreme Court has acknowledged in pepper with the sentencing package doctrine, is where a court vacates one aspect of a district court sentence, as it did in this case. It vacated count seven. The sentencing package doctrine holds that a sentence is a package, and that when one portion is removed, the district court judge should have the opportunity to reassess, reevaluate the sentence so as to effectuate its sentencing intent, and that's what the district court judge did in this case. And it makes sense, because when a district court is faced with a sentencing decision and knows that a mandatory minimum sentence applies, that it is one of the many counts for which it needs to sentence the defendant, the district court is, of course, going to take that into consideration when evaluating the appropriate sentence as to all the other counts of conviction. Do you think the court could have given it more time? I think it could have, Your Honor. Overall, more time. Absolutely. Without being... Above the 420. It could have. It did not. If it had given it more time, would there have been a presumption of vindictiveness? There may have been, Your Honor. Under Kincaid, there may have been, and at which point the district court... And that would be a piece of discretion only? What would be the standard then? Well, then the district court would have to rebut the presumption with actual evidence, objective evidence, and this is Kincaid, this court's precedence in Kincaid, that it would have to point to objective evidence on the part of the defendant that occurred between the first and the second sentencing to justify the increase in sentence. You're talking about if it was above the 420? If it is above the 420. But up to 420, you say there's no presumption of vindictiveness? That's correct. And he could do that willy-nilly? Well, he still has to comply... Yes, Your Honor, and that's what the Supreme Court recognizes. Has it ever been applied in the Fourth Circuit? It is recognized in the case of Pileggi, which is post Pepper. It has not been applied directly. I have not seen the case... What about Dean v. United States Supreme Court case last month? Do you plan to address that? I'm sorry, Your Honor, what is the case that you're citing? Dean v. United States, decided April 3, 2017? I'm sorry, Your Honor. Any references to the sentencing packaging doctrine? You're not familiar with that? I'm not familiar with that case. Okay. But Pepper was clear in that, again, sentencing, in the multi-count context, sentencing is a package. And when one of the aspects underlying that package is removed, district courts are allowed, assuming the mandate allows for it, in which case it did as a full resentencing. What did the mandate say here? The mandate said, and I think the appellant cited the JA as the Joint Appendix 139, says that because the district court plainly erred in instructing the jury that sex trafficking by forced fraud or coercion is categorically a crime of violence, we vacate Ventura's 924C conviction and remand for entry of judgment of acquittal on that count and resentencing. And that's the language that controls in this instance. And then over somewhere else it says resentencing with instructions, right? I didn't see that, Your Honor. I'm sure that that's possible if that's in another portion of the JA, and it would be consistent with the language that I just read. When we talk about the letter of the court's mandate, putting aside for a moment. Well, on page 142. Okay. Page 142. Okay. It says affirmed in part, vacated and remanded in part with instructions. And that's what are the instructions? That's what, other than resentencing. I think that's exactly right, Your Honor. I think the instruction is for resentencing. Do you think it is? You don't have anything else? We have the body of testimony. There's no other instruction other than resentencing. There was no other instruction. That's what I'm getting at. Is there any instruction about resentencing? Now, your colleague there says that he reads it, I think, that the instructions are don't give him the five years. That is not the court's instruction. And, in fact, the language that appellant cites is simply a quote from another case, the Ford case. That's the Ford case. That's right. As you noted, Your Honor. I mentioned that it was in quote marks. You correctly noted, and as Judge Keenan and your Honor. That's on page 139. Correct. We do that sometime in opinions, and that's incorporated in our opinion. Yes, but I understand that, Your Honor. But I do think that the context of that particular holding was in the third prong of the plain error review, which is that, again, there was a plain error in the instruction. That the error was, I'm sorry, that there was an error. That the error was plain, and that it affected a substantial right of the defendant. That's the basis upon which the court overturned the 924C conviction. The mandate is separate and apart from that. And I think that when we talk about the letter of the mandate, and I want to talk to you about that for a moment if I can. The fourth prong. What do you think there? I'm sorry? The fourth prong of the plain error. Reputation of the court. Oh, I think I've read cases where they're combined into the third prong. I do think that the fairness and reputation of this court is upheld by a mandate that calls for a resentencing, acknowledging inherent. We have to assume that this court. But shouldn't it mean something, though? Isn't that part of the reputation and fairness? I mean, I know we as, you know, judges and lawyers, we construe by the law. But in terms of a common sense of it, I think most people would say a fairness. Wait a minute, you find that there was error in sentencing this person, and you reach the fourth prong of reputation and fairness. Say, oh, well, the package said we can just give them the same thing. If we really reach fairness, only a lawyer and judge could find that. But common sense people who live everyday lives, you think that would pass the common sense test? I think it would in the instance here when so the underlying conviction, the use of the firearm, had nothing at all to do with whether or not the vacation of that count had nothing at all to do with whether Mr. Venturi in fact used a firearm in connection with this offense. Did Charles discuss the defendant's use of a firearm the first time he sentenced him on the other counts? Well, he did mention, the district court mentioned the defendant's use of the firearm in general in articulating the basis for its original sentence. Well, if the court took it into account the first time around, then what reason would the court have to add to the sentence on remand if it had already considered the fact that he used a gun when referring to the sentence on those other counts? It's not that easy to bifurcate the district court's opinion in the first sentencing. The district court discussed the defendant's use of the firearms in general in discussing the nature and circumstances of the offense. You're saying the court never discussed it specifically with regard to any of the six counts other than the 924C? That's correct, Your Honor. When did he use the gun then? He used the gun in connection with count six, which is this, well, he used the gun many times. That's what I'm saying, all of them. Was it not? The gun was involved in all of the counts, was it not? It was, but as to count seven, count seven is only the use of the firearm in connection with the predicate offense. My question is, wasn't it just throughout the counts the gun was involved? Factually, yes. Yes, and it was commenting that the whole overall, the force, the intimidation part of it was the gun itself, was it not? In the accounts. The district court noted the defendant's use of a gun throughout the sex trafficking trade. Right, which includes all of the accounts, correct? Well, the count five was specific as to the sex trafficking victim. Count five, I mean count seven, I apologize. Count seven, the vacated count, only relates to the defendant's use of a firearm in connection with count six. Yeah, but what about the other things he was doing, the other counts? Wasn't the gun involved then? The whole idea was the gun, was it not? It was, Your Honor, but count seven only had to do with the use of the firearm in connection with count six, that being against the victim of sex trafficking, Rebecca Duenas, who testified that the defendant used a gun in order to compel her into prostitution. When this court vacated count seven, it vacated... What were the other counts? Count, there were several counts. There was conspiracy to commit interstate trafficking, interstate transportation of women for the purposes of prostitution. There was a coercion count. There was an enticement count. But the gun was involved in all of those counts. It was, wasn't it? The, well, the gun, the defendant used the gun on numerous occasions throughout the... Because the whole idea of the gun was used in furtherance of prostitution. Was it not? In furtherance of prostitution? No, the gun charge, count seven, only relates... That's the gun charge. I understand the charge. I'm talking about the overall crime, the conspiracy. The gun was used to further that, was it not? It was. I'm not sure how that impacts... I'm not sure you can answer that. I mean, I know you want to avoid it, but... No, no, I feel I've answered it several times, Your Honor. The gun was used throughout. Because when I ask you, was this gun involved in all the other counts, you keep going back to the specific count that was vacated. Well, I think that the rationale, the reason I'm focused on that is because when that count went away, the district court... The count that went away is count seven. It is. And when that count went away, that diminished the district court's original sentence to account for the use of the firearm specifically in connection and against the victim in count six. And so in ordering a resentencing, I believe that this court's mandate recognized that the district court should be able to re-evaluate the sentence to account for the fact that now there was no 60 months on the defendant's use of the firearm against the victim in count six. And where did you get that from in the opinion? Did it recognize that he should now reconsider? The fact that the court orders a resentencing, and here's, if I can discuss the letter of the mandate with respect to the court's use of resentencing, the resentencing command in this case, it had, respectfully, the court's mandate and the use of the word resentencing had to mean resentencing on the remaining counts. If the court's intent was simply to vacate 924C and simply reduce the defendant's sentence by 60 months, the first part of the mandate would have accomplished that. The first part of the mandate says, we vacate Ventura's 924C conviction and remand for judgment of acquittal on that count. If it stopped there, if this court's opinion stopped there, the remainder of the sentences would have been intact. The defendant would have received 360 months as to count six, and that would have been the end of it. But the court didn't stop there. The court then went on to issue resentencing. And you have to ascribe meaning to this court's language and its opinion. You have to have another judgment of sentencing, which would be the sentence less five. It wouldn't need that, Your Honor. We don't enter sentencing for people. The district court does. It's their order of sentencing, so it is a change. It is the 240 minus five. That is a different sentence, and they enter that order. It doesn't mean necessarily you have to go back and re-sentence the drug. I understand you can read it that way. I understand you'll read, but it is not necessary construction to put on that. Because that is a new sentence, is it not? It is not a new sentence because if count seven simply goes away, that count is vacated, and the remaining counts stand. There is no impact. The sentence stands as 240 years until you change it. Do you agree with that? The sentence would have stood as 360 months on count six. The 60 months was vacated. And so the counts one through six would have stood in the sentencing order as originally set in by the district court. And so I think when you think about the fact also, and this is significant, the language, the issuance of a re-sentencing is the same language of a re-sentencing that was issued in the case of United States v. Pepper where the court said when it's a general remand for re-sentencing such as this, there is an allowance to the district court to reassess the sentencing package and to reconsider how removing a portion of that package affects the whole. This is a holistic sentencing concept, as we know. It's almost a waste of time for the appellate court, isn't it? I don't believe so, Your Honor. What did it accomplish in terms of the reputation of the court? The decision of this court set an entire precedent as it relates to sex trafficking crimes. This court's decision said that separate and apart from Mr. Ventura's case, any case in which there's a crime charged under 1591A, sex trafficking by forced fraud or coercion, that count cannot support a 924C conviction because sex trafficking by forced fraud or coercion is not categorically a crime of violence. Hugely important precedent that this court's decision set. Except for the person who bought it. Well, it could have very well been that Mr. Ventura got a re-sentencing and was given less time. Your Honor, that's exactly what the defense did in this case. And this is something that I overlooked perhaps in briefing, but the defendant also interpreted the court's mandate for a full re-sentencing. They came in and they asked for 20 years. And so to the extent that there is an argument about the interpretation of the mandate at this stage, I think it's important to recognize that all parties believe that this court had issued remand for re-sentencing. Otherwise, there would have been a robotic reduction of the 35-year sentence down to 30, and we would have no work to be done. But instead, the defendant came in and asked for less time as well. I see that my time is up, Your Honors. Without further questions, I'd like to just end by saying that the district court's decision to give the same sentence in this case, a district court who resided over a lengthy trial of a defendant who was convicted of serious crimes of sex trafficking that were over two states and the District of Columbia, who was convicted of using force and threats of force to monopolize the sex trade, and specifically against a particular victim forced into prostitution, that the district court's decision to give the same sentence under these facts and circumstances was in compliance with both the letter and the spirit of this court's mandate, was in no way at all vindictive to the defendant, and its well-reasoned analysis should be affirmed on appeal. Thank you. Thank you. Counsel, you have some time reserved. Thank you, Your Honors. On rebuttal, three points. The first point, and maybe perhaps one way of looking at this case, you have the district court's intent versus the Fourth Circuit's intent. And the government would have you use the sentencing package doctrine, which hasn't even been applied in this circuit. But the Supreme Court of the United States recently affirmed use of the doctrine in Dean v. the United States just last month, did it not? I'm not familiar with that case, Your Honor, but perhaps it did. Even if it did. Well, not perhaps, but it did. If it did. If it did, it applies here. And it applies to effectuate the district court's intent, not the court of appeals' intent, which is, that's the mandate rule. Right, but let me tell you what the facts were in Dean. In Dean, the district court had given the defendant a one-day sentence on a robbery charge, because the district court knew that he was going to be required to give the mandatory minimum under 924C. And then the case, the 924C conviction, was overturned for much the same reasons as it was in this case, and the Supreme Court sent it back under the sentencing packaging doctrine for resentencing. Now, under your theory of the case, the defendant couldn't get any more than one day in jail for sentence on the robbery, could he? Not quite, Your Honor. Why? And I'm not, you know, I'm not familiar with that case or the facts of that case. But here, which goes to, in part, my second point of rebuttal, this Court said with instructions. And the government would have you completely ignore what clearly are instructions from this Court. The instruction was resentencing. Resentencing, but that this defendant should not do an additional five years. Well, it doesn't say anything other than resentencing. It says, with all due respect, Your Honor, the paragraph is pretty clear. Within that paragraph where it says resentencing, it says we cannot, two full sentences within that paragraph. We cannot, five years of a man's life is not a trifling thing. We cannot allow a man to do an additional five years. This Court, I don't think, is prone to just extraneous verbiage. Neither is Judge Davis. Those words mean something. And those words are instructions. I don't know that the Supreme Court, the recent Supreme Court case on the resentencing package doctrine, had instructions so explicit as we have here in this case in Vid-01. And the third point, I don't think this Court can ignore the fairness, integrity, reputation at stake with respect to the fulfillment of its mandate. And Joe Public would not, would rightfully not understand and even be outraged that I can assert my rights on appeal. Have one or more convictions be vacated. And it be meaningless, despite clear outrage from the Court about how many additional years those counts mean to me. And that can be completely wiped out by the original Court, which can just say, you know what, because of the sentencing package doctrine, my intent trumps the Fourth Circuit's intent, and I can effectuate any sentence that I want, despite anything that the Court of Appeals, the Superior Court, said in this case. Yeah, I think it was interesting about what the Court, I was not on the panel, but it seemed to me that in weighing the fourth prong here is very important in this case, because even if we reached the first three, we could still, at our discretion, say we don't reach it. But we did. And what drove it was the additional time. Otherwise, we saw the case, we knew this was a case that was so vile, we said, well, here, for this person to get that kind of time for what he did, I don't even, we don't reach the fourth prong. But we did. And that's what the Court said. It's that additional time. And we can't avoid that. Now, whether or not, you know, we allow, you know, the district court to go back and do that, I guess perhaps we do, perhaps maybe, I don't know we do or not. In the new case, Judge Keenan, the Supreme Court, I guess we don't know yet what resentencing is until they go back and get some sentence. But certainly the implication is resentencing means you can get more than one day. But we don't know what that's going to mean yet. But in that point, I guess the same colloquy I had with counsel on that is what does it mean, resentencing? That's the question. It's going to be just merely taking that from that what they got, or is it going to mean the whole thing is resentenced? But that's an issue. But I think that's an interesting question here. But I suppose these sentences are now so long and draconian, it seems like I don't see any of them so bereft of enough years that we can't do anything here because we don't have enough time to give. But anyway. And, Mr. Barron, I think I might have been a little unfair in how I characterized this Dean opinion. What the court said, the defendant didn't actually get one day. The court said that the district court was not prevented from giving one day. In other words, that the 924C sentence and the robbery sentence were consecutive sentences, but they were to be considered as a package. So the Supreme Court was the one who said the defendant could just get one day. And I think what I was trying to say to you, and maybe didn't say it right, was if the Supreme Court said that he could get just one day, well, then what happens if the 924C is set aside? Does that mean on remand he could never get more than one day? You see what I'm saying? The Supreme Court was giving that as an example more than saying that the district court actually did that. And I think I mischaracterized that to you. But even giving what it said, it seems to me that the Supreme Court was saying that if something happens to the 924C conviction, you're still considering everything that happened in the case factually. Legally, you can't consider the 924C, but factually, you still have the whole basket of facts in front of you. Thank you. Thank you, Your Honor. I don't think that that opinion is inconsistent with our argument here. But words mean something. So you get back to the mandate point, then. You said this doesn't do anything to the mandate in this case, which you're saying was quite specific. That's correct, Your Honor. Thank you. Thank you, counsel. We'll come down to brief counsel and proceed to the next case. Thank you.
judges: Roger L. Gregory, Robert B. King, Barbara Milano Keenan